## DORR v. McCLINTOCK AND HOLMES.

### March 24, 1838.

*Rule to show cause why a general judgment should not be set aside, and a judgment de bonis should not be entered.*

1. A general judgment on a cause of action, existing before the defendant's discharge under the insolvent laws, will not be set aside, and a judgment *de bonis* entered, although such discharge is averred in the affidavit of defence.

2. If the plaintiff issue a *capias ad satisfaciendum* on such judgment, the defendant's remedy is to apply to be discharged from arrest, to the court from which the process issues.

THIS was *assumpsit* brought to December term, '37, No. 401, on notes, *against defendants as drawers*, viz.

" $322 40.

"Philadelphia, March 6, 1833.

" Eight months after date, we promise to pay to the order

of Ralph McClintock, $322 40, without defalcation, for value received.

McCLINTOCK & HOLMES.

(Endorsed)  R. McCLINTOCK.

S. & F. DORR & Co.

Due 6—9 Nov. '33."

"$159 60.

"Philadelphia, February 15, 1834.

"Seven months after date, we promise to pay to the order of ourselves, $159 60, without defalcation, *for goods purchased of H. C. Corbit.*

McCLINTOCK & HOLMES.

(Endorsed)  McCLINTOCK & HOLMES.

S. & F. DORR & Co.

Due 15—18 September, 1833."

Copies were filed 7th December, 1837.

The *defendant's affidavit of defence* was as follows, viz. "S. Holmes, one of the above named defendants, being duly sworn, doth say, that the said defendants have a just defence to the above action, in this, viz. that *after* the said promissory notes were given and *after the same* fell due, the said Valentine, and his partner the said Ralph McClintock, respectively, on application by petition to the Court of Common Pleas of the City and County of Philadelphia, at *March term, A. D.* 1834, duly obtained their several discharges under *and by virtue of the insolvent laws* of this commonwealth.

" And deponent further saith, that at the time the said two notes were given, and at the time of said application and discharge, respectively, both he and the said Ralph were residents of said city; that the said promissory notes were drawn and were delivered and were payable in said city, and were given for goods sold to said defendants by H. C. Corbit, to the said H. C. Corbit, who also at the said time was a resident of and doing business in said city, and that due notice was given of the said application and the said discharge of said deponent and said Ralph, by due publication as the law directs."

21st December, 1837, plaintiffs obtained a *general judgment* for want of a sufficient affidavit of defence.

This was a rule to show cause why that judgment should not be *set aside* and a *judgment de bonis* should not be entered.

[Dorr v. McClintock and Holmes.]

*Law,* for the rule, cited: 2 *Caines* 102; *Purd. Dig.* 510; 1 *T. R.* 81 ; 2 *Chitty* 431.

*Gerhard,* contra.

The opinion of the court was delivered by

PETTIT, *President.*—There is nothing in the " act relating to insolvent debtors," which affects the mode of entering judgment. The order of the court granting relief, is to have full effect given to it, when legally brought into the view of the court from which process issues. The assertion in the defendant's affidavit is but a notice to the plaintiff, in regard to which the plaintiff would not be permitted to join issue. If, after obtaining judgment in the usual form, the plaintiff causes the defendant to be arrested by virtue of a *capias ad satisficiendum,* he encounters the risk of having the order, conferring upon the defendant the benefit of the insolvent law, brought into judicial view, and immediately made efficacious. If, however, he is satisfied of the truth of the defendant's suggestion, he will refrain from the effort to use a writ, the operation of which can be so promptly checked.

Rule discharged.

